UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER LEO BROWN,

                Plaintiff,

vs.                        Case No.  2:13-cv-94-FtM-29DNF

PATRICIA MANN,

                Defendant.

_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file.  Plaintiff, initiated this action by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1983 ("Complaint," Doc. #1) on February 12, 2013.  Plaintiff seeks leave to proceed *in forma pauperis* in this case.

The Complaint alleges violations of Plaintiff's Fourteenth and Eighth Amendment rights in connection with Plaintiff's placement in administrative confinement.  Complaint at 15.  Plaintiff states that he was in the law library doing some research on his criminal case on October 3, 2012.  Id. at 16.  Plaintiff alleges that Defendant Mann entered the library, approached him, and asked "[d]o you have a problem?"  Id.  Plaintiff claims he replied, "No ma'am," at which time Defendant Mann asked another correctional officer for handcuffs.  Id.  Plaintiff states he was then handcuffed and escorted to administrative confinement for violating rule "1-4 disrespect."  Id. at 17.  Plaintiff states that he was released

from administrative confinement on October 18, 2012, because there was no disciplinary report. Id. As relief, Plaintiff seeks $300,000 in monetary damages. Id. at 18.

Because Plaintiff is currently confined in jail, the Prison Litigation Reform Act requires that the Court review the Complaint to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and the court views all allegations as true, Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346

(11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." <u>Bilal</u>, 251 F.3d at 1349. In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008); <u>Mitchell v. Carcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

<u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff's Complaint is subject to dismissal for failure to state a claim. Significantly, the Complaint does not allege a deprivation of a liberty interested protected by the Due

Process Clause.   Being held in administrative confinement for fifteen days does not impose an "atypical, significant deprivation" sufficient to give rise to a constitutionally protected liberty interest.  Matthews v. Moss, No. 11-14547, 2013 WL 462392, *1 (11th Cir. Feb. 8, 2013)(citing Sandin v. Conner, 515 U.S. 472, 485-87)(1995)(concluding that thirty days of disciplinary segregation did not give rise to a protected liberty interest)(other citations omitted).   Significantly, the Complaint does not allege that Plaintiff did not violate Rule 1-4.  Inmates also have no protected liberty interest in a particular custody classification.  Id.  Nor did Plaintiff's Complaint include any allegations that he was confined in harsher conditions than other inmates in administrative confinement or close management status generally.   Therefore, the Complaint is subject to dismissal under § 1915 for failure to state a claim.

Alternatively,  this  action  is  subject  to  dismissal  for Plaintiff's  failure  to  exhaust  his  available  administrative remedies. Significantly, 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility as are until such administrative remedies as are available are exhausted."   The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate  unwarranted  federal-court  interference  with  the

administration of prisons," <u>Woodford v. NGO</u>, 126 S. Ct. 2378, 2382 (2006)(citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," <u>Id.</u>; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" <u>Id.</u>

"[T]he PLRA exhaustion requirement requires **<u>full</u>** and **<u>proper</u>** exhaustion." <u>Woodford</u>, 126 S. Ct. at 2387 (emphasis added).  In <u>Johnson v. Meadows</u>, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process.  <u>Id.</u> at 1156.  Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing.  <u>Woodford</u>, 126 S. Ct. at 2382;  <u>Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Booth</u>, 532 U.S. at 741 (finding that Congress has mandated exhaustion of

administrative remedies, regardless of whether the relief sought--
<u>i.e.</u>, monetary damages--is available through the administrative
procedures).  In determining whether a plaintiff has exhausted his
administrative remedies, a court does "not review the effectiveness
of those remedies, but rather whether remedies were available and
exhausted." <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999)
(citing <u>Alexander</u>, 159 F.3d 1326); <u>Brown v. Sikes</u>, 212 F.3d 1205,
1208 (11th Cir. 2000).

"Exhaustion is no longer left to the discretion of the
district court, but is mandatory." <u>Woodford</u>, 126 S. Ct. at 2382;
<u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001).  <u>See also</u> <u>Alexander v.
Hawk</u>, 159 F.3d 1321, 1325 (11th Cir. 1998).  Inmates, however, "are
not required to specially plead or demonstrate exhaustion in their
complaints." <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007).  Rather,
pursuant to the PLRA, failure to exhaust administrative remedies is
an affirmative defense.  <u>Id.</u>  When an affirmative defense is
obvious from the face of a complaint or a court's records, it is
not necessary to await the defendant's responsive pleading to raise
the defense. <u>Clark v. Ga. Pardons & Paroles Bd.</u>, 915 F.2d 636, 641
n.2 (11th Cir. 1990).  Rather, a court may properly *sua sponte*
dismiss the complaint under these limited circumstances.  <u>See</u>
<u>Miller v. Woodham</u>, No. 05-12425, 2006 WL 955748, at *1 (11th Cir.
Apr. 12, 2006).

Pursuant to the Florida Administrative Code Chapter 33-103, Plaintiff is required to exhaust <u>all</u> available administrative remedies before pursuing a civil rights action. Specifically, the Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code 33-103.005-.007. Except in certain circumstances, when an inmate files a formal grievance, he or she must attach the informal grievance and the response received to the informal grievance. <u>Id.</u> at 33-103.006(2)(h). If the inmate's issue is not resolved by utilizing the formal grievance at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. <u>Id.</u> at 33-103.007. Additionally, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. <u>Id.</u> at 33-103.007(6). Here, Plaintiff failed to properly exhaust his administrative remedies because each one was returned without action. <u>See</u> Complaint at 5 (stating informal grievance is returned because the issue was previously addressed and will not addressed again), <u>Id.</u> at 7 (formal grievance returned without action because it was untimely filed), <u>Id.</u> at 10 (stating appeal returned without action

-7-

because there were no attachments to appeal). Consequently, the Court will dismiss this action without prejudice for failure to state a claim, or in the alternative for failure to properly exhaust administrative remedies.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Complaint is **DISMISSED without prejudice** pursuant to § 1915, or in the alternative pursuant to 42 U.S.C. § 1997e(a).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __19th__ day of February, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record